DATE: 2/18/19  TIME: 12:40 PM         **KINGSBROOK CROSSING HOMEOWNERS ASSOCIATION**         Page: 2

FINANCIAL TRANSACTIONS - 02/18/19

406 COBBLESTONE COURT
PATRICIA DRAKE  PRE-BK3
Unit ID: 406C
STATUS: 01 - FIRST NOTICE
PREPAID BAL:   0.00

| DATE | PAYMT AMT | CHECK # | DEP DT | CODE | N/A | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 030618 | TURNOVER TO LEGAL PER LOREE | | | | | | | |
| 031418 | owner has agreed on payments as follows | | | | | | | |
| 031418 | 1500 by 3/31 and 451.14 to being no later 4/10 | | | | | | | |
| 031418 | for 24 months | | | | | | | |
| 031518 | received signed pay agreement from ho | | | | | | | |
| 032018 | | APPLY LATE FEE | | 01 | | LATE | 25.00 | 8864.01 |
| 032218 | Notice of Dismissal Case#17-22767 | | | | | | | |
| 032818 | 1500.00 | 110603840 | 033018 | A1 | | ASSESSMENT | (1500.00) | 7364.01 |
| 040118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 145.34 | 7509.35 |
| 040518 | | EXPENSE ADJ | | 05 | | LEGAL | 230.89 | 7740.24 |
| 040518 | LEGAL-KEAY & COSTELLO  3-29-18 | | | | | | | |
| 041018 | 451.13 | 112353882 | 041218 | A1 | | ASSESSMENT | (451.13) | 7289.11 |
| 043018 | Action taken: 01 - FIRST NOTICE | | | | | | | |

*Handwritten:*

Attorney fee credit                               (230.89)  7,058.22
2-12-19  BK Legal fee - Letter        200.00   7,258.22
2-19-19  BK Legal fee - Lift Stay     881.00   8,139.22

| DATE: 2/18/19 TIME: 12:40 PM | KINGSBROOK CROSSING HOMEOWNERS ASSOCIATION | Page: 1 |

**FINANCIAL TRANSACTIONS - 02/18/19**

```
406 COBBLESTONE COURT
PATRICIA DRAKE  PRE-BK3
Unit ID: 406C
STATUS: 01 - FIRST NOTICE
PREPAID BAL:   0.00
```

| DATE | PAYMT AMT | CHECK # DEP DT | CODE | N/A | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|
| 080117 | | APPLY CHARGES | A1 | | ASSESSMENT | 145.34 | 145.34 |
| 081517 | owner filed bk again, vince to contact us | | | | | | |
| 082117 | | APPLY LATE FEE | 01 | | LATE | 25.00 | 170.34 |
| 083117 | received bk notice | | | | | | |
| 090117 | | APPLY CHARGES | A1 | | ASSESSMENT | 145.34 | 315.68 |
| 091917 | | APPLY LATE FEE | 01 | | LATE | 25.00 | 340.68 |
| 100117 | | APPLY CHARGES | A1 | | ASSESSMENT | 145.34 | 486.02 |
| 100217 | CHP13 FILED 7/31/17 | | | | | | |
| 100217 | ****SPLIT ACCT PER K&C AS OF 7/31/17 | | | | | | |
| 101717 | | APPLY LATE FEE | 01 | | LATE | 25.00 | 511.02 |
| 110117 | | APPLY CHARGES | A1 | | ASSESSMENT | 145.34 | 656.36 |
| 112017 | | APPLY LATE FEE | 01 | | LATE | 25.00 | 681.36 |
| 120117 | | APPLY CHARGES | A1 | | ASSESSMENT | 145.34 | 826.70 |
| 122017 | | APPLY LATE FEE | 01 | | LATE | 25.00 | 851.70 |
| 010118 | | APPLY CHARGES | A1 | | ASSESSMENT | 145.34 | 997.04 |
| 011918 | | APPLY LATE FEE | 01 | | LATE | 25.00 | 1022.04 |
| 020118 | | APPLY CHARGES | A1 | | ASSESSMENT | 145.34 | 1167.38 |
| 021918 | | APPLY LATE FEE | 01 | | LATE | 25.00 | 1192.38 |
| 030118 | | APPLY CHARGES | A1 | | ASSESSMENT | 145.34 | 1337.72 |
| 030118 | | EXPENSE ADJ | 05 | | LEGAL | 100.00 | 1437.72 |
| 030118 | LEGAL-KEAY & COSTELLO  2-28-18 | | | | | | |
| 030118 | received bk dismis, need to combine accounts | | | | | | |
| 030218 | | EXPENSE ADJ | A1 | | ASSESSMENT | 4145.32 | 5583.04 |
| 030218 | | EXPENSE ADJ | 01 | | LATE | 775.00 | 6358.04 |
| 030218 | | EXPENSE ADJ | 05 | | LEGAL | 2205.97 | 8564.01 |
| 030218 | | EXPENSE ADJ | 07 | | FINES/VIOLATION | 25.00 | 8589.01 |
| 030218 | | EXPENSE ADJ | 03 | | Admin | 200.00 | 8789.01 |
| 030218 | PER 3/1/18 K&C LTR- CHP13 FROM 7/31/17 | | | | | | |
| 030218 | HAS BEEN DISMISSED-COMBINE BALANCE | | | | | | |
| 030618 | | EXPENSE ADJ | 10 | | TURNOVER CHARGE | 50.00 | 8839.01 |

# AMENDED AND RESTATED
## DECLARATION OF PARTY WALL RIGHTS, COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS FOR KINGSBROOK CROSSING

THIS AMENDED AND RESTATED DECLARATION OF PARTY WALL RIGHTS, COVENANTS, CONDITIONS, RESTRICTION AND EASEMENTS FOR KINGSBROOK CROSSING (this "Amended and Restated Declaration") is made and entered into by the Board of Directors of the Kingsbrook Crossing Homeowners Association (the "Association").

This document is recorded for the purpose of amending and restating the Declaration of Party Wall Rights, Covenants, Conditions, Restrictions and Easements for Kingsbrook Crossing in Oswego, Kendall County, Illinois, an Illinois Not-for-Profit Corporation, which was recorded as Document No. R9500658 in the Office of the Recorder of Deeds of Kendall County, Illinois.

This Amendment is adopted pursuant to the provisions of Article XI, Section 11.03 of the aforesaid Declaration.

This Amendment shall become effective upon recording, in the Office of the Recorder of Deeds of Kendall County, Illinois, being an instrument in writing setting forth the change, provided the same is executed by the Board of Directors of the Association (hereinafter "Board").

WHEREAS, this organization is a not-for-profit corporation organized and existing under the law of the State of Illinois; and

WHEREAS, the affairs of this corporation are managed by its Board of Directors; and

WHEREAS, this corporation and its Board of Directors are responsible for managing certain real estate in the County of Kendall, State of Illinois, which real property is subject to the provisions of the Declaration of Party Wall Rights, Covenants, Conditions, Restrictions and Easements for Kingsbrook Crossing in Oswego, Kendall County, Illinois, an Illinois Not-for-Profit Corporation, which was recorded as Document No. R9500658 (hereinafter "Declaration"); and

WHEREAS, this Declaration Amendment has been executed by the Board of the Association and language approved in writing by the acknowledged signatures of at least seventy-five percent (75%) of the unit owners subject to the Declaration, all in compliance with the Declaration.

NOW THEREFORE, the Declaration is hereby amended and restated in accordance with the text which follows:

```
200600017356
Filed for Record in
KENDALL COUNTY, ILLINOIS
PAUL ANDERSON
06-12-2006 At 03:40 pm.
DECLARATION          81.00
RHSP Surcharge       10.00
```

1

Section 5.02   The Association shall pay, as agent and on behalf of the Owner and out of the funds furnished to it by them for such purpose, all tax and other governmental impositions, utility bills and insurance premiums levied upon the Common Areas or any part thereof.

Section 5.03   Each owner shall have the obligation to maintain in good condition and repair the glass surfaces, windows, front entry doors, electrical outlets, fireplaces, and skylights of his or her Townhouse Unit. Upon the failure of any Owner to maintain those areas that are not the maintenance responsibility of the Association, the Association, through its agents and employees, is hereby granted the right to enter into the Townhouse Unit thereon, after giving written notice to the owner or occupant, except if any repairs are necessary due to an emergency situation, as determined solely by the Board, and make such reasonable repairs, maintenance, rehabilitation or restoration of the premises as may be necessary, and the costs thereof shall become a lien upon the Townhouse Unit in the same manner as provided in Article VI hereof for nonpayment of maintenance assessments.

Section 5.04   There shall be no open trash or open refuse stored in any part of the Common Areas or Private Open Areas.

## ARTICLE VI

## COVENANTS FOR MAINTENANCE ASSESSMENTS

Section 6.01   The Owner of every Townhouse Unit covenants and agrees to pay to the Association: (a) annual assessments to be fixed, established and collected from time to time as hereinafter provided; and (b) special assessments to be fixed, established and collected from time to time as herein provided. The annual and special assessments, together with such interest thereon and costs of collection thereof, as hereinafter provided, shall be a charge on the land and shall be a continuing lien upon the Townhouse Unit against which each such assessment, together with such interests, costs and reasonable attorneys' fees, shall also be the personal obligation of the person who was the Owner of such Townhouse Unit at the time when the assessment fell due. The personal obligation shall not pass to his successors in title unless expressly assumed by them.

Section 6.02   The assessments levied by the Association shall be used exclusively for the purpose of promoting the health, safety and welfare of the residents in the Development and in particular for the improvements and maintenance of the Development, services and facilities devoted to this purpose and related to the use and enjoyment of the Common Areas, and of the Townhouse Units. Such uses shall include, but are not limited to, the cost to the Association of all taxes, insurance, repair, replacement and maintenance of the Common Areas, the Private Open Areas and the maintenance of the exteriors of the Townhouse Units (except as otherwise provided herein) as may be from time to time authorized by the Board, and other facilities and activities including, but not limited to, caring for the grounds, landscaping, parking areas and driveways, equipment, storm water management system, street lighting, if any, subdivision signage at the entrance to the Development in accordance with applicable Village code, all sanitary and storm sewer and water lines which service individual Townhouse Units, structures and appurtenances (other than facilities and activities maintained by any governmental authority or utility company), and other charges required by this Declaration or that the Board shall determine to be necessary or desirable to meet the primary purpose of the Association, including the establishment and maintenance of a reserve fund for repair,

11

maintenance, replacements, taxes and other charges as specified herein. In addition, water, waste removal and/or any utilities which are not separately metered or otherwise directly charged to individual Owners shall be paid for by the Association from the assessments levied hereunder. The Board reserves the right to levy additional assessments against any Owner to reimburse it for excessive use by such Owner of any utility service, the expense of which is charged to the maintenance fund.

Section 6.03  The Board shall be authorized to fix the annual assessment in an amount sufficient to meet the costs and expenses as contained in Section 6.02 hereof.

Section 6.04  In addition to the annual assessments authorized above, the Association may levy in any assessment year a special assessment applicable to that year only, for the purpose of defraying, in whole or in part, the cost of any construction or reconstruction, unexpected repair, maintenance or replacement (including those items of maintenance and repair set forth in Section 5.01 hereof) of a described capital improvement upon the Common Areas, including the necessary fixtures and personal property related thereto, if any.

Section 6.05  Both annual and special assessments must be fixed at a uniform rate for all Townhouse Units and prorated based on the size of the Townhouse Unit, including the garage, except as otherwise provided herein, and shall be collected on a monthly basis or as otherwise directed by the Association.

Section 6.06  The Board will fix the amount of the annual budget and shall send written notice thereof at least thirty (30) days prior to the adoption thereof to each Unit Owner. Simultaneously therewith, the Board, or its management agent, shall notify each Owner of the annual assessment for his or her Unit for the coming fiscal year. Thereafter, each Owner shall be liable for payment of the full monthly assessment on the first day of each subsequent month. The Association shall upon demand at any time furnish a certificate in writing signed by an officer or agent of the Association setting forth whether the assessments on a specified Townhouse Unit have been paid and, if not paid, the amount of any such deficiency. Such certificates shall be conclusive evidence of payment of any assessment therein.

Section 6.07  Any assessments which are not paid when due shall be delinquent. Such assessments, interest and all costs of collection shall be a continuing lien upon the Townhouse Unit against which each such assessment was made. If the full assessment is not paid within ten (10) days after the due date, a $25.00 late payment fee shall be added thereto. The Association may bring an action at law or in equity against the Owner personally obligated to pay the same, or foreclose the lien against the respective Townhouse Unit and interest, costs and reasonable attorneys' fees of any such action shall be added to the amount of such assessment. Further, the Board may proceed directly against any Unit Owner under the provisions of Article IX of the Code of Civil Procedure, Forcible Entry and Detainer Act, for failure to pay assessments pursuant to Article VI of this Declaration. Each Owner, by his acceptance of a deed to a Townhouse Unit, hereby expressly vests in the Association, or its agents, the right and power to bring all actions against such Owner personally for the collection of such charges as a debt, and to enforce the aforesaid lien by all methods available for the enforcement of such liens, including foreclosure by an action brought in the name of the Association in a like manner as a foreclosure of a mortgage or deed of trust lien on real property. An Owner may bring before the Board a grievance or dispute regarding an assessment only if such Owner has paid in full such assessment, including late fees, and is current on all past assessments.

Section 6.08  The lien of the assessments provided for herein shall be subordinate to the lien of any first mortgage now or hereafter placed on the Townhouse Units and recorded prior to the due

12

date of the delinquent assessment, provided, however, that such prior recorded mortgage shall be subject to the lien of all unpaid assessments with respect to such Townhouse Unit which became due and payable subsequent to the date the holder of said mortgage takes possession of the Townhouse Unit, accepts a conveyance of any interest in the Townhouse Unit or has a receiver appointed in a suit to foreclose his lien. The lien of the assessment shall not be affected by the sale or transfer of the corresponding Townhouse Unit unless the sale or transfer is pursuant to the foreclosure of the first mortgage thereon. In such a case, the transfer of title pursuant to the foreclosure shall extinguish the lien. However, neither the personal obligation of the transferor, if any, nor the resulting prorate share of the burden of such non-payment or non-enforcement, imposed through a subsequent assessment, and shall be affected.

## ARTICLE VII

## INSURANCE

### Section 7.01

(a) The Association shall be responsible for procuring and maintaining comprehensive public liability insurance, including liability for injuries to and death of persons in an amount not less than One Million Dollars ($1,000,000.00) per occurrence, and property damage, in such limits as it shall deem desirable to include the replacement cost for Common Areas and private open areas of the Association which includes compliance with any applicable municipal codes, and other liability insurance as it may deem desirable, insuring the Association from liability in connection with the ownership and/or use of the Common Areas.

(b) The Association shall be responsible for procuring and maintaining a fidelity bond insuring the Association, the Board and the Owners against loss of funds as a result of the fraudulent or dishonest acts of any employee of the Association or its management agent or of any other person handling the funds of the Association, the Board or the Owners in such amounts as the Board shall deem necessary, but not less than one hundred fifty per cent (150%) of the annual operating expenses of the Association, including reserves. Such bond shall contain waivers of any defense based on the exclusion of persons who serve without compensation from any definition of Aemployee" or similar expression. Such bond shall provide that it may not be canceled for non-payment of any premiums or otherwise substantially modified without thirty (30) days' prior written notice to the Association.

c) . The Association may also obtain such other kinds of insurance as the Association shall from time to time deem prudent in such amounts as the Association shall deem desirable including, but not limited to, the following: earthquake and flood risk, directors and officers liability; worker's compensation and employer liability, and non-owned or hired automobile insurance.

d) The Association shall be responsible for purchasing and maintaining a Master Commercial Property Policy for the Common Areas.

Section 7.02   The Owner shall procure and maintain in full force at all times insurance covering each Townhouse Unit consisting of, or providing all the protections afforded by, the insurance now generally described in an Aall risk" policy to one hundred per cent (100%) of the full insurable replacement cost of the insured property, less deductibles. Such insurance shall be written

## PARTY WALLS

Section 10.01  All walls which serve two or more Townhouse Units, shall at all times be considered party walls, and each of the Owners of Townhouse Units upon which any such party wall shall stand shall have the right to use said party wall below and above the surface of the ground and along the whole length or any part of the length thereof for the support of said Townhouse Units and for the support of any building constructed to replace the same, and shall have the right to maintain in or on said wall any pipes, ducts or conduits originally located therein or thereon subject to the restrictions hereinafter contained.

Section 10.02  No owner of any Townhouse Unit or any successor in interest to any such Owner shall have the right to extend said party wall in any manner, either in length, height or thickness.

Section 10.03  In the event of damage to or destruction by fire or other casualty of any party wall, including the foundation thereof, the Owner of any Townhouse Unit upon which such party wall may rest shall have the obligation to repair or rebuild such wall and the Owner of such Townhouse Unit upon which such wall shall rest, be served or benefited by shall pay his fractional share of the cost of such repair or rebuilding. All such repair or rebuilding shall be done within a reasonable time, in a workmanlike manner with materials comparable to those used in the original wall and shall conform in all respects to the laws or ordinances regulating the construction of building in force at the time of such repair or reconstruction. Whenever any such wall or any portion thereof shall be rebuilt, it shall be erected in the same location and on the same line and be of the same size as the original wall.

Section 10.04  The foregoing provision of this Article notwithstanding, the Owner of any Townhouse Unit, or other interested party, shall retain the right to receive a larger contribution from another or others under any rule or law regarding liability for negligent or willful acts or omissions. The right of any Owner, or other interested party, to contribution from any other Owner under this Article shall be appurtenant to the land and shall pass to such Owner's or other person's successors in title.

Section 10.05  The title of each Owner to the portion of each party wall within such Townhouse Unit is subject to a cross easement in favor of the adjoining Owner for joint use of said Wall.

## ARTICLE XI

Section 11.01

a)  The Association, the Village or any Owner, their successors or assigns, shall have the right to enforce, by any proceeding at law or in equity, all restrictions, easements, conditions, covenants, reservations, liens and charges now or hereafter imposed by the provisions of this Declaration. Any Owner found to be in violation by a court of competent jurisdiction of any of the foregoing shall also be liable for reasonable attorneys' fees incurred by the Association in prosecuting such action. The amount of such attorneys' fees together with court costs, if unpaid, shall constitute an additional lien against the defaulting Owner's Townhouse Unit, enforceable as other liens herein established. Failure by the Association or by any Owner to enforce any covenant or restriction herein contained shall in no event be deemed a waiver of the right to do so with the enforcement of any provisions hereunder, the violation of which shall also be considered a violation of any applicable Village ordinance.

18

b) The violation of any covenant, condition, restriction, rule or regulation adopted by the Board, or the breach of any provision of this Declaration and By-Laws, shall give the Board upon not less than ten (10) days notice (or immediately in the event of any matter of an emergency nature which might result in the damage to persons or property) any one or more of the following remedies/rights which may be exercised at any time and from time to time cumulatively or otherwise:

(i) to enter upon that part of the Townhouse Unit where such violation or breach exists and summarily abate and remove, at the expense of the defaulting Owner, any structure, thing or condition that may exist thereon contrary to the intent and meaning of the Declaration, and the Board or its employees, agents or contractors shall not thereby be deemed guilty in any manner of trespass;

(ii) to enjoin, abate or remedy by appropriate legal proceedings, either at law or in equity, the continuance of any breach; and

(iii) to levy fines in such reasonable amounts and pursuant to such procedures for hearings and appeals as the Board shall from time to time determined.

(c) All expenses of the Board in connection with such actions or proceedings, including court costs and attorneys' fees and other fees and expenses, and all damages, liquidated or otherwise, together with interest thereon at the rate of ten percent (10%) per annum until paid, shall be charged to and assessed against the defaulting Owner, and shall be added to and deemed part of his/her respective share of the expenses of the Association, and the Association shall have a lien for all of the same upon the Townhouse Unit of such defaulting Owner and upon all of his/her additions and improvements thereto and upon all of his personal property located in his Townhouse Unit.

Section 11.02 Invalidation of any of these covenants or restrictions by judgment or order shall in no way affect any other provisions which shall remain in full force and effect.

Section 11.03 The covenants and restrictions of this Declaration shall run with and bind the land and shall inure to the benefit of and be enforceable by the Association, the Village, the Owner of any Townhouse Unit subject to this Declaration, their respective legal representatives, heirs, successors, and assigns, for a term of fifty (50) years from the date this Declaration is recorded, after which time said covenants shall be automatically extended for successive periods of ten (10) years, subject to amendment as hereinafter set forth. The covenants and restrictions of this Declaration may be amended during the first fifty (50) year period or within any successive ten (10) year period by an instrument signed by those Members entitled to cast seventy-five percent (75%) of the total votes and as provided in Article III, Section 3.01 hereof and then properly recorded. These covenants and restrictions may also be canceled or amended by an instrument signed by sixty percent (60%) of Owners executed and recorded within ninety (90) days of the expiration of any successive ten (10) year period, such cancellation or amendment to be effective on the date of commencement of the ten (10) year period in question. Any instrument executed pursuant to the provision contained in this Section shall be filed for record in the Office of the Recorder of Deeds of Kendall County, Illinois, and a true, complete copy of such instrument shall be transmitted to each Owner promptly.